```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF ARKANSAS
                   HOT SPRINGS DIVISION


DRECARLOS ANDERSON                                    PLAINTIFF


v.                       Case No. 14-6141


NATIONAL PARK COMMUNITY COLLEGE;
BOARD OF TRUSTEES OF NATIONAL PARK
COMMUNITY COLLEGE; WILLIAM RITTER,
individually and in his official
capacity as employee of National
Park Community College; JOHN HOGAN,
individually and in his official
capacity as President of National
Park Community College
                                                     DEFENDANTS
```

**MEMORANDUM OPINION AND ORDER**

Currently before the Court are the motion to dismiss and supporting brief (Docs. 6-7) filed by Defendants National Park Community College ("NPCC"), the Board of Trustees of NPCC (the "Board"), NPCC employee William Ritter, and NPCC President John Hogan. Also before the Court is Plaintiff's response in opposition (Doc. 9). For the reasons set forth below, the Court finds that Defendants' motion should be GRANTED.

**I.   Background**

The following facts, which are assumed to be true for the purpose of this motion, are taken from Plaintiff's complaint:

Plaintiff is an African-American male who began attending NPCC's Adult Basic Education Program in the spring of 2013. After starting the program, he was told that he had to leave a class due to the fact that he was over the age of 18. At that time, NPCC and an instructor named Becky Linske[1] allowed another student who was Caucasian and over the age of 18 to remain in the classroom.

On October 2, 2013, Plaintiff and another classmate took a lunch break and upon returning to campus, Plaintiff decided to get help from a former instructor, Kim Hobson.[2] Upon entering the classroom, Plaintiff was met by Defendant Ritter (an employee of NPCC – presumably an instructor), who pushed Plaintiff, causing him to fall backward into his classmate. After pushing Plaintiff, Ritter called Plaintiff a "boy." Plaintiff was embarrassed and felt he was being intimidated. Plaintiff called the Garland County Sheriff's Department to report the incident. Shortly thereafter, Investigator Leslie Crow contacted Plaintiff to ask if he wanted to pursue the charge. Plaintiff responded affirmatively.

In July of 2014, representatives from NPCC informed Plaintiff that the school would handle the October 2 incident in-house. According to Plaintiff, after he complained to the Sheriff's Department, a representative from NPCC contacted the

---

[1] Ms. Linske is not a party to this action.
[2] Ms. Hobson is not a party to this action.

Sheriff's Department to stop any investigation into the incident reported by Plaintiff.[3]

Plaintiff filed this civil rights action on December 9, 2015, against NPCC, the Board, NPCC employee William Ritter, and NPCC President John Hogan. The complaint alleges racial discrimination claims under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d) ("Title VI"); the First and Fourteenth Amendments of the Constitution; 42 U.S.C. § 1983; and the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-105(a) ("ACRA"). Defendants now move to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the Court lacks subject matter jurisdiction and that Plaintiff failed to state a claim upon which relief can be granted.

**II. Legal Standard**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows the Court to dismiss any claims over which, either on their face or in light of outside evidence, it does not have proper subject matter jurisdiction. In weighing a motion to dismiss under 12(b)(1), the Court must first identify "12(b)(1)

---

[3] Plaintiff alleges that NPCC "clearly set out a course of conduct to try and hide the fact that the abuse and discrimination by William Ritter occurred on their campus." (Doc. 1., p. 4). The Court considers this to be the type of bare assertion that is not entitled to the presumption of truth when ruling on a 12(b)(6) motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009) (noting "[i]t is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth").

motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from the pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *see also Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). Defendants here attack the complaint on its face and have not requested that the Court consider any matters outside the pleadings. Therefore, "the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn*, 918 F.2d at 729 n.6.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In ruling on a 12(b)(6) motion, a court accepts as true all of the factual allegations contained in a complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

**III. Discussion**

As a threshold matter, Defendants raise the issue of subject matter jurisdiction. However, this issue was not addressed in the parties' briefing. Plaintiff alleges in the complaint that jurisdiction is based on 28 U.S.C. § 1343, which provides the district courts with original jurisdiction over civil rights actions. The Court finds that the complaint sufficiently states a proper basis for federal jurisdiction. Defendants' motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is denied.

Defendants next assert that Plaintiff's complaint does not adequately set forth sufficient factual allegations showing that the pleader is entitled to relief as required by Federal Rule of Civil Procedure 8(a)(2), and that the complaint should therefore be dismissed pursuant to Rule 12(b)(6). Plaintiff concedes that he has no valid Title VI claim against the Board, Ritter, or Hogan. (Doc. 9, p. 1). He also acknowledges that NPCC, the Board, and Ritter and Hogan in their official capacities are entitled to Eleventh Amendment immunity on his § 1983 claims. (Doc. 9, p. 3). Accordingly, these claims are dismissed without further analysis. The remaining claims are discussed below.

**A. Title VI Claim Against NPCC**

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be

excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

Plaintiff has failed to state a claim under Title VI because he has not alleged any facts beyond conclusory allegations that actions taken by NPCC were motivated by Plaintiff's race. Plaintiff alleges NPCC discriminated against him on the basis of race because he was told he had to leave a class due to the fact that he was over 18 years of age, while another student who was Caucasian and over the age of 18 was allowed to remain in the classroom. Further, he alleges all Defendants failed to investigate or take remedial action after Plaintiff complained about a hostile environment after the October 2 incident.

Although Plaintiff's conclusory allegations raise the possibility of discrimination, they are not supported by sufficient factual allegations to rise to the level of an actionable claim for relief. *See Yusuf v. Vassar Coll.*, 35 F.3d 709, 712-14 (2d Cir. 1994) ("A plaintiff alleging racial or gender discrimination by a university must do more than recite conclusory assertions."). Plaintiff has not stated any facts from which the Court could infer any discriminatory intent on the part of NPCC. *See Mumid v. Abraham Lincoln High Sch.*, 618 F.3d 789, 794 (8th Cir. 2010) ("Title VI prohibits only

intentional discrimination."). Accordingly, Plaintiff's Title VI claim must be dismissed.

### B. First Amendment Claim

In the complaint, Plaintiff alleges an unspecified claim under the First Amendment. (Doc. 1, p. 1). Because Plaintiff has not set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2), Plaintiff's First Amendment claim must be dismissed.

### C. Section 1983 Claims

To state a cause of action under § 1983, a plaintiff must allege that he was deprived of a constitutional right and that the person depriving him of the right acted under color of law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). In the complaint, Plaintiff alleges that Defendants Ritter and Hogan, in their individual capacities, violated his constitutional right to equal protection under the Fourteenth Amendment.

"In general, the Equal Protection Clause requires that state actors treat similarly situated people alike." *Bogren v. Minnesota*, 236 F.3d 399, 408 (8th Cir. 2000) (citation omitted). "State actors may, however, treat dissimilarly situated people dissimilarly without running afoul of the protections afforded by the clause." *Id.* "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that

each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

### 1. Defendant Ritter

Defendant Ritter contends that he is entitled to qualified immunity on Plaintiff's § 1983 claim. "An official sued under § 1983 is entitled to qualified immunity unless it is shown that the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014) (quotation omitted).

"Under the doctrine of qualified immunity, a court must dismiss a complaint against a government official in his individual capacity that fails to state a claim for violation of 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "A court considers whether the plaintiff has stated a plausible claim for violation of a constitutional or statutory right and whether the right was clearly established at the time of the alleged infraction." *Id*.

The Court's preliminary inquiry is whether the facts alleged, viewed in the light most favorable to Plaintiff, show that Ritter violated Plaintiff's Fourteenth Amendment equal

protection rights. After careful review of the complaint, the Court concludes that the allegations fail to establish that Defendant Ritter violated Plaintiff's constitutional rights.

Plaintiff alleges that Defendant Ritter violated his equal protection rights when he physically pushed Plaintiff and called him a "boy," which created a hostile environment for Plaintiff. The Court concludes that these allegations, taken as true, are indicative of a single isolated incident, but are not enough to support a claim of racial discrimination. Although Plaintiff alleges that Ritter's conduct was racially motivated and that the term "boy" was used as a racially derogatory term, there are no factual allegations to support these conclusory assertions. Further, the Eighth Circuit has long held in other contexts that "the use of racially derogatory language, unless it is pervasive or severe enough to amount to racial harassment, will not by itself violate the fourteenth amendment." *Blades v. Schuetzle*, 302 F.3d 801, 805 (8th Cir. 2002) (prison context). Plaintiff has not alleged how he was treated differently because of his race. *See Johnson v. City of Minneapolis*, 152 F.3d 859, 862 (8th Cir. 1998) ("To state an equal protection claim, [plaintiff] must have established that he was treated differently from others similarly situated to him.").

Because Plaintiff failed to plead any facts to support the assertion that Ritter's alleged actions were racially motivated,

Plaintiff has failed to state an equal protection claim against Ritter under the Fourteenth Amendment.  Accordingly, Defendant Ritter is entitled to qualified immunity and Plaintiff's § 1983 claim against Defendant must be dismissed.

### 2. Defendant Hogan

Plaintiff alleges that Defendant Hogan, President of NPCC, violated his equal protection rights by failing to investigate or take prompt remedial action after the October 2 incident involving Ritter.  The only allegations specific to Defendant Hogan are that he is the current President of NPCC, and that he assumed the position when the previous president retired on June 30, 2014.  There are no allegations that Hogan personally engaged in any discriminatory conduct.  Rather, Plaintiff alleges generally that all Defendants discriminated against him because they failed to investigate or take prompt remedial action after he complained about Ritter's actions to school officials and local law enforcement.  However, Plaintiff has not alleged any facts to support an inference that Hogan had personal knowledge of any matters involving Plaintiff.  *See Pool v. Mo. Dep't of Corr. & Human Res.*, 883 F.3d 640, 645 (8th Cir. 1989) (noting that supervisor liability under § 1983 requires a plaintiff to show the superior had actual knowledge, and affirming dismissal where the court could not determine that the defendant was personally aware of alleged misconduct).

The mere fact that Hogan assumed the presidency of NPCC in June of 2014 is not enough to allege that Hogan violated Plaintiff's equal protection rights under any theory of liability. As such, Plaintiff's § 1983 claim against Hogan will be dismissed.

### D. Arkansas Civil Rights Act Claims

Plaintiff also filed claims under the ACRA, which provides a cause of action for deprivation of rights secured by the Arkansas Constitution. Ark. Code Ann. § 16-123-105(a). In this case, the claims against the Defendants under the ACRA mirror Plaintiff's claims under § 1983. Given that the facts and the legal standards for both statutes are essentially the same, where dismissal is appropriate under § 1983, it is also appropriate under the ACRA. Because Plaintiff's pleaded facts do not state a claim for which relief can be granted under Ark. Code § 16-123-105(a), Defendants' motion to dismiss Plaintiff's ACRA claims will be granted.

### IV. Request to Amend Complaint

Plaintiff requests leave to amend his complaint in his response to Defendants' motion. It appears that one reason Plaintiff seeks leave to amend is to name Defendants Ritter and Hogan in their individual capacities. (See Doc. 9, p. 1, ¶ 5). Because the complaint already names these Defendants in both their official and individual capacities, leave to amend the

complaint in this manner is unnecessary. Plaintiff also requests leave to amend the complaint to "flesh out his First Amendment claims, based on the Defendants' attempts to chill his speech relative to reporting the school's and its employees [sic] actions to the police and the school's and its employees' attempts to quash any investigation into the validity of the complaints made by the Plaintiff." *Id.* at p. 2, ¶ 8.

While Plaintiff has clarified that his alleged First Amendment claims stem from a purported violation of his right to free speech, he has not set forth anything more than vague, conclusory allegations that he has been harmed. Further, Plaintiff's request for leave to amend fails to comply with the Local Rules of Court for amending a pleading. *See* Local Rule 5.5(e). Plaintiff's request for leave to amend the complaint is denied.

## V. Conclusion

For the reasons set forth above, Defendants' motion to dismiss (Doc. 6) is GRANTED and Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 14th day of May, 2015.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge